## J. J. ROBERTSON *v.* THE STATE.

1. INDICTMENT — LOCAL-OPTION LAW. — An indictment or information for the sale of spirituous liquors in a locality where the local-option law is in operation should charge the offence under that law, and not under the general law prohibiting the sale of such liquors in quantities less than a quart, without first having paid the tax imposed.

2. SAME. — Wherever the local-option law has been adopted, in accordance with the Constitution, and been put in force, it operates to repeal all laws and parts of laws in conflict with it, within the limits of such locality. The general law imposing an occupation-tax on retail liquor-dealers is not in force in localities where the local-option law has been adopted.

APPEAL from the County Court of Williamson. Tried below before the Hon. D. S. CHESSLER, County Judge.

The indictment in this case charges the defendant with having pursued and followed the occupation, calling, and profession of selling vinous, spirituous, and intoxicating liquors in quantities less than one quart, without first having

obtained a tax-receipt from the proper officer as a sufficient license therefor," etc. On the trial in the County Court, the defendant moved to quash the indictment because it charged no offence against the laws of the State, so far as Williamson County is concerned, the law known as the local-option law being in force in said county. The motion to quash was overruled, and the defendant appealed, assigning as error the refusal of the court to sustain such motion.

*Makemson & Fisher, Posey & Dalrymple,* and *B. Trigg,* for the appellant, filed able briefs and arguments.

*George McCormick,* Assistant Attorney-General, for the State.

*B. E. Chrietzberg,* County Attorney, for the State, traversing the positions assumed by the appellant, insists that there is no such repugnance between the local-option law and the occupation-tax law as that both may not stand. The latter imposes a tax upon those who pursue the occupation of selling liquors in quantities less than a quart, exempting druggists who sell for medical purposes. The local-option law imposes a further *regulation* and *restriction,* and provides that not only druggists shall not sell, but that no person shall sell intoxicating liquors *except* in actual cases of sickness, and not then *except* upon the written prescription of a regular practising physician, certifying that the same is to be used for medicine. The appellant, complying with the provisions, regulations, and restrictions of the local-option law, procures the prescription of physicians, and, under them, sells the intoxicating liquors, pursues the occupation of selling such liquors in quantities less than a quart, without first paying the occupation-tax imposed by the act of August 21, 1876, and in direct violation of the penal law of March 13, 1875, p. 94.

The appellant, without proving that he sold as a drug-

gist, exclusively for medical purposes, claims that because he "sold under prescription" he is relieved from paying the occupation-tax. Is such a position tenable? Can the State be deprived of her revenue in any such manner? Should he remove his stock of liquors to a locality where the local-option law had no operation, would a thousand prescriptions for each sale (without proof that, as a druggist, he sold for medical purposes) exempt him from the payment of the tax? Assuredly not. Then in Williamson County, where the local-option law is in force, he would be liable for the same tax ; because the local-option law, though it throws additional restrictions around his occupations, does not prohibit it.

The Legislature may have intended to suspend the occupation-tax law in counties where the local-option law should operate, or it may not so have intended. The question is, Can it be gathered from the two laws (the occupation-tax and the local option) that it was the will of the Legislature that, in counties where the local-option law operates, if prescriptions could be procured, and the afflicted should abound in sufficient numbers to make the retail liquor business profitable, that therefore the business might be pursued without the payment of the tax imposed upon it everywhere else in the State? Such a course of taxation would be unequal, and, therefore, unjust.

The Legislature has not sought in the local-option law to abolish any right of property in liquor, or the right to sell it, either in large or small quantities. It is sought only to *regulate* its sale, by prescribing to whom, and upon what conditions, it may be sold. *Hewitt* v. *The State*, 25 Texas, 726 ; Local-Option Law of 1876.

Though in the local-option law the words "absolutely prohibiting the sale of intoxicating liquors," etc., are used, yet in the same section occur two broad exceptions and provisos, and by virtue of these exceptions and provisos

the act becomes a *regulation*, instead of a prohibition. *Duke* v. *The State*, 42 Texas, 460. And, if so, the appellant is clearly guilty of a violation of the occupation-tax law.

Winkler, J.   The appellant was charged by indictment with pursuing the occupation of selling vinous, spirituous, and intoxicating liquors in quantities less than one quart, without having paid the tax imposed by law on such occupation.   The offence is charged to have been committed in Williamson County, on the 12th day of July, A. D. 1877.

The accused moved the court to quash the indictment, upon the following grounds :

"1. Because the indictment charges no offence known to the laws of the State.

" 2. Because the indictment does not charge any offence known to the laws of the State of Texas, so far as the same apply to the county of Williamson, for the reason that the local-option law went into effect and force in Williamson County on the 17th day of February, 1877, and is now, and has continued, in force from that date till this present."

This motion was by the court overruled, and to the ruling of the court the defendant's counsel took a bill of exceptions, following it up in his motion for a new trial, which was also overruled, and to which ruling the defendant again took a bill of exceptions.   The same question — as to the sufficiency of the indictment — was again presented in a motion in arrest of judgment, which being also overruled, the accused again took a bill of exceptions, and gave notice of appeal.

The first error assigned is the refusal of the court to quash the indictment.   We pause here to note the fact, and to commend the practice, that to every action of the court of which complaint is made the question is presented by regular bill of exceptions taken on the trial below, and presented by the record.

It is not necessary that we should mention any other of the errors assigned, as the view we take of the indictment, and of the objections taken to it in the motion to quash, as above set out, is in our opinion decisive of the case, and in favor of the appellant. The only question is this : Will an indictment lie for retailing spirituous, vinous, and other intoxicating liquors without payment of the tax imposed by the general laws of the State, in a county which has adopted the local-option law?

This law rests, as its foundation, upon section 20 of article 16 of the State Constitution, which is as follows : " The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town, or city, by a majority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

In obedience to the demands of this constitutional provision, the Legislature did, at its first session, enact a law, the title of which is the following : "An act to prohibit the sale, exchange, or gift of intoxicating liquors in any county, justice's precinct, city, or town in this State that may so elect ; prescribing the mode of election, and affixing a punishment for its violation." The general scope and tenor of the act are indicated in the title. The first section directs the manner of setting on foot the law, making it the duty of the Commissioner's Court of each county in this State, upon the written petition of fifty qualified voters of said county, or upon such petition by twenty qualified voters of any justice's precinct, town, or city, as the case may be, to provide for an election to determine whether the sale of intoxicating liquors, and medicated bitters producing intoxication, shall be prohibited in said county, justice's precinct, town, or city, or not ; to which said first section is appended the following proviso, to wit : " *Provided*, that nothing herein con-

tained shall be construed to prohibit the sale of wines for sacramental purposes, nor alcoholic stimulants as medicine, in case of actual sickness, when sold upon written prescription of a regular practising physician, certifying upon honor that the same is actually necessary as a medicine.''

Other sections of the act direct the manner of ordering, holding, and publishing the result of such election, and fixing the period within which subsequent elections may be held ; and by the fifth section it is declared that '' when any such election has been held, and has resulted in favor of prohibition, and the aforesaid court has made the order declaring the result and the order of prohibition, and has caused the same to be published as aforesaid, every person or persons who shall thereafter, within the prescribed bounds of prohibition, sell, exchange, or give away, with the purpose of evading the provisions of this act, any intoxicating liquors whatsoever, or in any way violate any of the provisions of this act, shall be subject to prosecution, by information or indictment, and shall be fined in a sum not less than twenty-five nor more than two hundred dollars for each and every violation of any of the provisions of this act.''     And, among other things, it is provided by the seventh and concluding section that '' all laws and parts of laws in conflict with this act are hereby repealed.''

In the statement of facts agreed to by counsel for the State and for the defendant, and approved by the county judge, it is admitted that the ''local-option law went into effect in Williamson County, over the whole of said county, on the 17th day of February, A. D. 1877, and is still in force in said county.''

The argument in support of the prosecution appears to be, in effect, that the occupation-tax law of 1876 and the local-option law of the same Legislature should be so construed as that both may stand ; that the Legislature never intended

to deprive the State of the revenues to be derived from the sale of liquors in quantities less than a quart, by the enactment of the local-option law prohibiting its sale.

That the Legislature did not so intend is not a legitimate conclusion deducible from these acts. They must have known that, by the enactment of the law which placed it in the power of the legal voters of any county in the State, or justice's precinct, or town, or city, by a majority vote to prohibit the sale of intoxicating drinks, except as in the statute permitted, they thus placed it within the power of such voters to cut off the revenues to be derived from that source within the given locality. And the only way that both laws can stand together is to hold that the general law remains in force wherever local option has not been adopted, and that where it has been adopted the general law becomes inoperative. The prospective operation of the Local Option Act, which authorized it to be put in force by subsequent act of the voters, must have been considered both by the framers of the Constitution and the Legislature, and we would not be warranted in the presumption that both these bodies overlooked the natural result of the principle embodied in the Constitution and the law upon the subject.

It may be contended that this view would render the burdens of taxation unequal; that by the operation of the Local Option Act the citizens of the counties or other localities adopting it by vote would thereby relieve themselves from exactions imposed upon other portions of the State, upon the idea that, by the Constitution, taxation must be equal and uniform throughout the State. The answer to this argument is, that the same Constitution which commends the one has made it obligatory upon the Legislature to provide for the other.

The two provisions of the Constitution are not repugnant to each other, and both may stand. Not so as to the laws

relating to the tax upon retail liquor-dealers and local option. These laws are not only not in harmony, but are directly antagonistic, and so utterly repugnant to each other that both cannot be of force in the same locality at the same time.

Local option superseded, in the localities where it was adopted, all other laws on the subject, and expressly, as we have seen, repealed all laws in conflict with it. Rules of construction applicable to different acts passed at the same session of the Legislature, with reference to their different dates, do not apply here, for the reason above intimated, that under the Constitution, and the act passed in pursuance of its provisions, the law could be put in force at any time in the future, whenever the voters of any locality should deem proper.

Local option being in force in Williamson County at the time of the offence charged in the indictment, the accused could only have been prosecuted for violating its provisions. The indictment in this case charges no violation of the laws of the State in force in Williamson County at the time charged in the indictment, and the indictment should have been quashed; and this not having been done, the motion in arrest of judgment should have been sustained.

Because the indictment charges no offence known to the law in force in Williamson County at the time it was presented, the judgment of the County Court is reversed and this prosecution is dismissed.

*Reversed and dismissed.*